IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH C. COLACICCO, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| APOTEX, INC., et al., | : | NO. 05-5500 |
|     Defendants | : | |

### MEMORANDUM RE: PLAINTIFF'S MOTION TO SEVER CLAIMS AND TRANSFER VENUE

**Baylson, J.**                                                                                           **December 10, 2009**

### I.     Introduction

Presently before the Court is Plaintiff's motion to sever claims under Fed. R. Civ. P. 21, and to transfer venue under 28 U.S.C. § 1404(a).  For the reasons discussed below, the Court will deny Plaintiff's motion.

### II.    Factual Background and Procedural History

In 2005, Plaintiff, a New York resident, filed suit against SmithKline Beecham d/b/a GlaxoSmithKline ("GSK"), a Pennsylvania corporation located in Pennsylvania; Apotex, Inc., a Canadian corporation located in Toronto, Canada; and Apotex Corporation, a Delaware corporation located in Florida.  The underlying basis for Plaintiff's claims was that Defendants failed to include adequate warnings as to the risk of suicide with the antidepressant paroxetine hydrochloride, GSK's "Paxil" and Apotex's generic, and that as a result, Plaintiff's wife was prescribed and took paroxetine for her depression, and committed suicide.  Both GSK and

Apotex filed Motions to Dismiss under Fed. R. Civ. P. 12(b)(6). The Court held that the claims against all Defendants were preempted by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(a), and granted the Motions to Dismiss.

In this Court's decision, although the entire case was dismissed on preemption grounds, the Court also ruled on the specific common law grounds alleged by Plaintiff in the Complaint. See Colacicco v. Apotex, 432 F.Supp. 2d 514 (E.D. Pa. 2006), aff'd 521 F.3d 253 (3d Cir. 2008), vacated 129 S.Ct. 1578 (2009). As to Defendant GSK, the Court held that because the drug which Plaintiff ingested was manufactured by Apotex, GSK did not owe any duty of care to the Plaintiff. Id. at 538-43. With regard to the specific claims against Apotex, this Court ruled that but for the preemption ruling, several of Plaintiff's claims against Apotex – specifically, those based on any theory of negligence – would have proceeded to trial. Id. at 543-44.

Plaintiff appealed to the Third Circuit Court of Appeals, which affirmed the decision. This Court does not know if Plaintiff sought reversal of the decision which dismissed the common law claims against GSK, and the Third Circuit did not discuss the issue. A Petition for Certiorari was filed by the Plaintiff with the United States Supreme Court, which vacated the judgment of the Third Circuit and remanded the case for consideration in light of the Supreme Court's decision in Wyeth v. Levine, 129 S.Ct. 1187 (2009). On remand, the Third Circuit vacated its judgment, and remanded the case back to this Court for further proceedings consistent with Wyeth.

This Court held a hearing on June 18, 2009, after which the Court concluded that GSK was no longer a party to this case (Doc. No. 66) because this Court's decision of May 25, 2006 ruled that all of the common law claims against GSK were dismissed. On June 19, 2009, the

docket was amended to remove GSK as a party.

On October 5, 2009, the Court entered a Consent Scheduling Order resulting in the Defendants filing a Motion for Summary Judgment on the preemption issue. The parties have commenced discovery on that issue alone.

On August 21, 2009, Plaintiff filed a motion to (1) sever claims against GSK under Fed. R. Civ. P. 21, and (2) transfer Plaintiff's claims against Defendants Apotex, Inc. and Apotex Corporation (hereinafter "Apotex") to the Eastern District of New York under 28 U.S.C. § 1404(a) (hereinafter "§ 1404(a)"). (Doc. No. 70.) Apotex filed its response in opposition on September 7, 2009. (Doc. No. 71.) Plaintiff filed his reply on September 14, 2009. (Doc. No. 72.) The Court held oral argument on Plaintiff's motion on November 24, 2009.

## III. Parties' Contentions

### A. Plaintiff

Plaintiff has not been entirely clear in his briefing as to the relief that he desires. Plaintiff filed a Motion to Sever GSK and Transfer the claims against Apotex to the Eastern District of New York. The Court rejected that concept out of hand at oral argument because it would result at some point in Plaintiff's claims against GSK, which this Court dismissed, being appealed to the Third Circuit Court of Appeals, whereas the claims of Apotex would be tried in the Eastern District of New York, and any final order or judgment in that court would be appealable to the Second Circuit Court of Appeals. Splitting this case and having two separate Circuit Courts rule on Plaintiff's theories would be poor case management and impose an unnecessary burden on one of those appellate courts.

When this was explained at oral argument, Plaintiff's counsel retreated somewhat and

expressed a willingness to give up the request for severance, and asked that the entire case be transferred to the Eastern District of New York under § 1404(a), which provides that a court may transfer a case (1) to a district where the case could have been brought, and (2) where the convenience of parties and witnesses, and the interest of justice, weigh in favor of transfer. Plaintiff contends that the private and public interests that must be weighed when deciding a motion to transfer weigh strongly in favor of transfer. Plaintiff also argues that while this case was originally filed almost four years ago, a transfer to New York would not significantly disrupt the litigation or result in a waste of judicial resources.

### B. Defendant

Apotex responds that Plaintiff's claims against Apotex should not be transferred to the Eastern District of New York. Apotex argues that the relevant public and private interests weigh against transfer. For these reasons, Apotex requests that Plaintiff's motion be denied.

## IV. Discussion

### A. Severance

In view of the fact that the Plaintiff has withdrawn his request for severance, the Court need not further discuss the issue except to note that there are no other grounds warranting severance since the claims are now proceeding against only one Defendant, Apotex. The Court notes that Plaintiff has not made any motion under Rule 54(b) to allow an immediate appeal of the dismissal of GSK to the Third Circuit Court of Appeals.

### B. Transfer of Venue

The decision to transfer an action pursuant to § 1404(a) is discretionary with the Court, and is reviewed only for abuse of that discretion. See Lony v. E.I. DuPont de Nemours & Co.,

886 F.2d 628, 631-32 (3d Cir. 1989). The moving party bears the burden of establishing that a transfer of venue is warranted. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Pursuant to § 1404(a), a court may transfer a case (1) to a district where the case could have been brought, and (2) where the convenience of parties and witnesses, and the interest of justice, weigh in favor of the transfer. Wallace v. Mercantile County Bank, 2006 WL 3302490, at *3 (E.D. Pa. Nov. 9, 2006). Regarding the latter requirement, the moving party must establish, based on balancing the "private" and "public" interests, that the litigation would "more conveniently proceed[,] and the interests of justice be better served[,] by transfer to a different forum." Jumara, 55 F.3d at 879.

"Private interests" include: (1) plaintiff's choice of venue; (2) defendants' preference; (3) where the claim arose; (4) the convenience of the parties, as indicated by their relative physical and financial condition; (5) convenience of the witnesses; and (6) the location of books and records. Id. "Public interests" include: (1) the enforceability of a judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with applicable state law in diversity cases. Id. at 879-80.

Plaintiff argues that the most critical events giving rise to his claim occurred in New York, thus making venue in New York proper, and that balancing the private and public factors favors transfer. Specifically, Plaintiff argues that the convenience factor strongly favors transfer because: (1) Plaintiff neither resides in Pennsylvania nor alleges that any of the underlying conduct against Apotex took place in Pennsylvania; (2) Pennsylvania has no substantive relation

to this suit except through dismissed Defendant GSK; (3) almost all of the operative facts giving rise to this case occurred in New York[1], and (4) while many of the facts related to the development of warnings associated with GSK's Paxil occurred in Pennsylvania, none of the facts related to the development of the warnings associated with generic paroxetine hydrochloride occurred in Pennsylvania. Plaintiff further argues that the convenience of both party and non-party witnesses favors transfer.[2]

Apotex responds that weighing the private and public interests weighs against transferring venue. First, regarding the private interests, Apotex points out that it was Plaintiff who initially chose Pennsylvania as the forum to bring his action. Apotex further points out that Plaintiff has not established that any fact or medical witnesses is beyond the subpoena power of this Court. Apotex argues that after Plaintiff chose this Court as the forum, Apotex retained counsel, and that retaining new counsel in New York would be a great inconvenience and expense. Regarding the public interests, Apotex notes that Plaintiff's only guidance to the court on these factors is stating that transfer to New York will not significantly disrupt this litigation or result in a waste of judicial resources. Yet, Apotex argues that this Court spent much time developing the record of this case when ruling upon the Motions to Dismiss. Apotex further argues that this Court is

---

[1]Plaintiff argues that he lives in New York, his wife's treating physicians are located in New York, New York is where she was prescribed and used generic paroxetine hydrochloride, and New York is where she committed suicide allegedly as a result.

[2]Plaintiff argues that Ms. Colacicco's physician, as a non-party who will provide critical testimony and records, cannot be compelled to give testimony in a Pennsylvania court. Plaintiff argues the same for other health-care providers located in New York. The Court presumes that, assuming the treating physician is in good health, he or she would be willing to travel from New York to Philadelphia for purposes of trial. Other health providers could similarly travel the short distance or testify by video.

already familiar with New York law as it applies to this case, and that Pennsylvania continues to have a connection to this action.

The Court finds that Plaintiff, as the movant, has failed to meet his burden of establishing that transferring venue is warranted. Indeed, "[a]lthough § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are <u>not to be granted liberally</u>." <u>Pro Spice, Inc. v. Omni Trade Group, Inc.</u>, 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (emphasis added). While this case originally could have been brought in New York, the Court believes that the convenience of the parties and witnesses, and the interest of justice, weigh against transfer. Further, Plaintiff has failed to demonstrate that the public and private interests weigh in favor of transfer.

Regarding the relevant private interests, the Court finds that they weigh against transfer. Significantly, Plaintiff – the party moving for transfer – chose to litigate this case in this forum nearly <u>four years ago</u>. Had Plaintiff wanted to bring this case in New York, he could have done so at the time. The fact that GSK is no longer a party to this case does not instantly make New York a more appropriate venue. Apotex has made clear its preference to remain in this venue, as Apotex retained counsel here, and has litigated this case here for four years. While Plaintiff's witnesses, books, and records may be primarily located in New York, there is no reason that Plaintiff's witnesses cannot be subpoenaed to testify here, or that such books and records cannot be made available here. In the digital age, most books and records that are of use in litigation such as this can be scanned onto digital medium, such as a CD or DVD disc, and replayed in a courtroom. The movement of documents is no longer any major factor in a § 1404(a) analysis. Again, had these issues been of critical importance to Plaintiff from the beginning of the case,

Plaintiff could have brought his action in New York.

The relevant public interests also weigh against transfer. Judgement could be enforced in either forum, court congestion is not at issue, and the public policies of the fora are not at issue. This Court, when adjudicating Defendants' Motions to Dismiss, became familiar with the applicable state law, and also with the underlying facts of the case itself. That the Court retains residual factual knowledge weighs against transfer to New York. Regarding practical considerations that could make the trial easy, expeditious, or inexpensive, the Court finds that transfer would likely do the opposite. This Court has dealt with assorted issues and motions in this case over the previous four years. Transferring the case to New York at this point would likely make the trial harder, less expeditious, and potentially more expensive, as a new court would have to learn the facts of the case, discovery would be delayed, and adjudication of the impending preemption briefing would be delayed. For the reasons discussed above, the Court declines to transfer the case to New York at this time.

**V.     Conclusion**

After careful consideration of the parties' arguments, the Court will deny Plaintiff's motion to sever claims against GSK and transfer venue to the Eastern District of New York.

An appropriate Order follows.

O:\CIVIL\05-5500 Colacicco v. Apotex\05-5500 Colacicco v. Apotex - Memo re. Mot. Transfer and Sever.wpd